John Granger, Pro Per
2669 Shillington Road, Suite 233
Sinking Spring, Pennsylvania  19608
Phone: (610) 929-5154
Plaintiff

## United States District Court
## Eastern District of Pennsylvania

| | |
|---|---|
| John Granger, Pro Per<br>　　Plaintiff<br><br>versus<br><br>Jay Hoberg (Individual)<br>　　Defendant | Civil Case #: _____<br><br>Verified Complaint for Violations of God given Liberties and Constitutionally Protected Rights and Declaratory Relief<br><br>Trial by Jury is Demanded |

### Verified Complaint and Demand for Trial by Jury

### Jurisdiction and Venue

1.　　This action arises under the Article 1 Section 10 of the United States Constitution, the

Constitution for the Commonwealth of Pennsylvania and the Declaratory Judgment Act (28

USC 2201).  Subject matter jurisdiction is conferred upon this Court pursuant to 28 USC 1331,

1343 and 1367.  This Court has supplemental subject matter jurisdiction over Plaintiff's state-

law claims under 28 USC 1367(a).

2.　　Venue is proper in this Court pursuant to 28 USC 1391.

### Parties

3.　　Plaintiff John Granger is an individual and is a beneficiary in the Estate of

RAYMOND WHITE (an action in the Lancaster County Orphans Court) and is an inhabitant

of the Commonwealth of Pennsylvania.

4.　　Defendant Jay Hoberg (Individual) in his official capacity is the judge in the Estate

action.

5.    Defendant Jay Hoberg (Individual) is a resident of the Commonwealth of Pennsylvania.

6.    Defendant Jay Hoberg (Individual) is being sued solely in his individual capacity. See Printz v. US 521 U.S. 898 (1997)

## Facts

7.    Congress passed 42 U.S.C. 1983 in 1871 as section 1 of the "Ku Klux Klan Act".

8.    RAYMOND WHITE in RAYMOND WHITE's Last Will and Testament specifically prohibited the use of estate funds for attorneys.

9.    Plaintiff John Granger in John Granger's official capacity was appointed as a Co-Executor in the Estate of RAYMOND WHITE by Raymond White and served for free.

10.    Plaintiff John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE appeared in the Orphans Court Pro Se.

11.    Bruce W. Chamberlain was the other Co-Executor in the Estate of RAYMOND WHITE.

12.    Bruce W. Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE hired attorney JOHN A. HOFFERT, JR. to represent Bruce W. Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE.

13.    On September 5, 2014 attorney JOHN A. HOFFERT, JR. filed an Entry of Appearance for Bruce W. Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE.

14.    Plaintiff John Granger in John Granger's individual capacity is a third party intended beneficiary of Bruce W. Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE's contract with attorney JOHN A. HOFFERT, JR.

15.    Attorney JOHN A. HOFFERT, JR. is Plaintiff John Granger's attorney of choice.

16.    Attorney ZACHARY AARON MOREY works for attorney JOHN A. HOFFERT, JR.

17.    On August 12, 2015 attorney ZACHARY AARON MOREY filed an Entry of Appearance as attorney for the Estate of RAYMOND WHITE.

18.    On September 24, 2015 the Court told attorney ZACHARY AARON MOREY that attorney ZACHARY AARON MOREY is not the attorney for the Estate of RAYMOND WHITE.

19.    On September 28, 2015 attorney ZACHARY AARON MOREY filed a Praecipe to Enter the Appearance of attorney ZACHARY AARON MOREY for Bruce W. Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE.

20.    Attorney ZACHARY AARON MOREY is Plaintiff John Granger's attorney of choice.

21.    Depending on the definition of what age constitutes a "senior citizen" Plaintiff John Granger believes that eight of the twelve beneficiaries are "senior citizens".

22.    Plaintiff John Granger believes that three of the twelve beneficiaries either currently have or have had cancer.

23.    One other beneficiary submitted an affidavit that stated in part "IN THE EVENT OF MY DEATH OR INABILITY EITHER PHYSICALLY OR MENTALLY TO EXECUTE MY BENEFICIAL STATUS, AS STATED IN MY UNCLE RAYMOND'S LAST WILL AND TESTAMENT (TRANSCRIPT #52972 DATED APRIL 14, 2012), I BEQUEATH ALL MY RIGHTS TO MY WIFE JILL E. MIETELSKI."

24.    Delays in the distribution of the Estate of RAYMOND WHITE (a one hundred and one year old man) might mean that some beneficiaries may never see their beneficial interest in their lifetimes.

25.    Plaintiff John Granger's wife is a beneficiary of the Estate of RAYMOND WHITE.

26.     Due to Defendant Jay Hoberg in Jay Hoberg's individual capacity delaying the Estate and allowing Bruce W. Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE to hide Estate assets John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE, Plaintiff John Granger and Plaintiff John Granger's wife went twice to Harrisburg and met with Cherstin Hamel, Director, Office of Elder Justice in the Courts Administrative Office of Pennsylvania Courts, Supreme Court of Pennsylvania.

27.     After the visits to Harrisburg identified in paragraph 26 above, Defendant Jay Hoberg in Jay Hoberg's official capacity as the judge in the Estate of RAYMOND WHITE threatened Plaintiff John Granger's wife with removal from the courtroom if Plaintiff John Granger's wife ever came to the courtroom of Defendant Jay Hoberg in Jay Hoberg's official capacity unless Plaintiff John Granger's wife apologized to Defendant Jay Hoberg in Jay Hoberg's official capacity.

28.     Since Defendant Jay Hoberg in Jay Hoberg's official capacity did not explain why Defendant Jay Hoberg in Jay Hoberg's official capacity expected Plaintiff John Granger's wife to apologize to Defendant Jay Hoberg in Jay Hoberg's official capacity the only possible reason for Defendant Jay Hoberg in Jay Hoberg's official capacity threatening Plaintiff John Granger's wife with removal from the courtroom is Plaintiff John Granger's wife reporting Defendant Jay Hoberg in Jay Hoberg's official capacity for delaying in the Estate of RAYMOND WHITE to the Elder Law Task Force and allowing Bruce W. Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE to hide Estate assets.

29.     The Preamble to the Constitution for the Commonwealth of Pennsylvania states

"WE, the people of the Commonwealth of Pennsylvania, grateful to Almighty God for the blessings of civil and religious liberty, and humbly invoking His guidance, do ordain and establish this Constitution."

30.     Article 1 (DECLARATION OF RIGHTS), Section 6 (Trial by Jury) of the Constitution for the Commonwealth of Pennsylvania states "Trial by jury shall be as heretofore, and the right thereof remain inviolate. The General assembly may provide, however, by law, that a verdict may be rendered by not less than five-sixths of the jury in any civil case."

31.     William Penn (the Proprietor of Pennsylvania) is historically credited as the first recipient of a Trial by Jury over the issue of freedom of religion.

32.     Plaintiff John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE's Petition to Remove Bruce W. Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE demanded a Trial by Jury.

33.     We as William Penn the Proprietor's progeny have been promised that Trial by jury is inviolate.

34.     Defendant Jay Hoberg in Jay Hoberg's individual capacity denied without comment Plaintiff John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE's God given Liberty and Constitutionally protected Right to a Trial by Jury.

35.     Furthermore, under the International Covenant on Civil and Political Rights, and under the Universal Declaration of Human Rights, the United States is a signatory under affirmative obligations, both legal and moral, to provide effective judicial remedies for

violations of fundamental Rights, even when those violations were committed by persons acting in their official capacities, and also to develop the possibilities of effective judicial remedies. These treaties are supreme Law pursuant to the Supremacy Clause in the U.S. Constitution. Defendant Jay Hoberg in Jay Hoberg's official capacity is an officer of this Court and a Bar Member and, as such, is legally bound by these two treaties.

36.    In support of its assertion, the court cited the Universal Declaration of Human Rights, the American Convention of Human Rights, the International Covenant on Civil and Political Rights, and the European Convention for the Protection of Human Rights and Fundamental Freedoms. Caballero v. Caplinger, 914 F. Supp. 1374 @1379 (E.D. La. 1996).

37.    "The very essence or civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury. One of the first duties of government is to afford that protection." Marbury v. Madison, 5 U.S. (1 Cranch 137) (1803) at 163. Therefore, in the light of the important God given Liberties and unresolved Constitutionally protected Rights questions inherent in this matter, one does not have to be a rocket scientist to realize that this Pro Per petitioner has been attemptedly disenfranchised of the God given Liberties and Rights and Privileges of American citizenship accorded to all Americans.

38.    Plaintiff John Granger never voluntarily, knowingly or intelligently waived any God given Liberty and/or Constitutionally protected Right whatsoever. See *Brady v. U. S.*, 397 U.S. 742 (1970)

39.    At the trial in the Estate action, Plaintiff John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE testified that Bruce W.

Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE told Plaintiff John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE that Bruce W. Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE was going to stall the Estate forever.

40.     At the trial in the Estate action, attorney ZACHARY AARON MOREY did not elicit testimony to refute Plaintiff John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE testimony that Bruce W. Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE told John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE that Bruce W. Chamberlain as a Co-Executor in the Estate of RAYMOND WHITE was going to stall the Estate forever.

41.     At the trial in the Estate action, attorney ZACHARY AARON MOREY put attorney JOHN A. HOFFERT, JR.'s legal secretary with over 40 years of experience with attorney JOHN A. HOFFERT, JR. with experience in over 4,200 estates who testified that only one hour of work remains in the Estate.

42.     Defendant Jay Hoberg in Jay Hoberg's official capacity as the judge in the Estate of RAYMOND WHITE threatening Plaintiff John Granger's wife with removal from the courtroom deprived Plaintiff John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE of a witness at trial.

43.     Plaintiff John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE filed and published the First Amended and Partial Accounting.

44.     No written objections to Plaintiff John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE's First Amended and Partial Accounting were filed.

45.   Without written objections to Plaintiff John Granger in John Granger's official capacity as a Co-Executor in the Estate of RAYMOND WHITE's First Amended and Partial Accounting the first distribution of Estate assets to the beneficiaries should occur after the audit.

46.   Defendant Jay Hoberg in Jay Hoberg's official capacity by Order dated May 31, 2016 temporarily suspended John Granger and Bruce W. Chamberlain as Co-Executor's in the Estate of RAYMOND WHITE thereby depriving Plaintiff John Granger of Plaintiff John Granger's attorney of choice in violation of Plaintiff John Granger's Article 1 Section 10 Constitutionally protected right to private contract for Plaintiff John Granger to have Plaintiff John Granger's attorney of choice.

47.   The U.S. Department of Justice established the Office for Access to Justice (ATJ) in March 2010 to address the access-to-justice crisis in the criminal and civil justice system.  See https://www.justice.gov/atj

48.   Respect and protection of human rights can be guaranteed only by the availability of effective judicial remedies.  When a right is violated or damage is caused, access to justice is of fundamental importance for the injured individual and it is an essential component of the rule of law.

49.   Plaintiff John Granger DOES NOT CONSENT TO ARBITRATION OF ANY KIND.

50.   The Bible is the written word of God.  See Public Law 97-280.

51.   In the beginning God created the heaven and the earth.  Genesis 1:1

52.   In the beginning was the Word, and the Word was with God, and the Word was God. John 1:1

53.   In Matthew 10:10 Jesus the Messiah said the workman is worthy of his meat [wage].

Verified Complaint for Violations of God given Liberties and                                    8
Constitutionally Protected Rights and Declaratory Relief

54.    Payment for labor is a substantive legal right that existed before the written laws of the United States of America.

## Count I

### Violations of Constitutionally Protected Right to Contract

55.    Plaintiff John Granger repeats and re-alleges each and every preceding allegation as if fully set forth herein.

56.    Defendant Jay Hoberg (Individual) knew or should have known that by temporarily suspending Bruce W. Chamberlain as Co-Executor in the Estate of RAYMOND WHITE that Defendant Jay Hoberg (Individual) thereby deprived Plaintiff John Granger of Plaintiff John Granger's attorney of choice (attorney JOHN A. HOFFERT, JR.) in violation of John Granger's God given Liberty and Article 1 Section 10 Constitutionally protected Right to private contract.

57.    Defendant Jay Hoberg's (Individual) conduct deprived Plaintiff John Granger of Plaintiff John Granger's attorney of choice in violation of John Granger's God given Liberty and Article 1 Section 10 Constitutionally protected Right to private contract under color of state law.

58.    Defendant Jay Hoberg's (Individual) conduct prejudiced Plaintiff John Granger by depriving Plaintiff John Granger of Plaintiff John Granger's attorney of choice (attorney JOHN A. HOFFERT, JR.) which shocks the conscience.

## Count II

### Violations of Constitutionally Protected Right to Contract

59.    Plaintiff John Granger repeats and re-alleges each and every preceding allegation as if

Verified Complaint for Violations of God given Liberties and                    9
Constitutionally Protected Rights and Declaratory Relief

fully set forth herein.

60. Defendant Jay Hoberg (Individual) knew or should have known that by temporarily suspending Bruce W. Chamberlain as Co-Executor in the Estate of RAYMOND WHITE that Defendant Jay Hoberg (Individual) thereby deprived Plaintiff John Granger of Plaintiff John Granger's attorney of choice (attorney ZACHARY AARON MOREY) in violation of John Granger's God given Liberty and Article 1 Section 10 Constitutionally protected Right to private contract for Plaintiff John Granger to have Plaintiff John Granger's attorney of choice (attorney ZACHARY AARON MOREY) after Plaintiff John Granger's attorney of choice (attorney ZACHARY AARON MOREY) elicited testimony that only one hour of work remains in the Estate.

61. Defendant Jay Hoberg's (Individual) conduct prejudiced Plaintiff John Granger by depriving Plaintiff John Granger of Plaintiff John Granger's attorney of choice (attorney ZACHARY AARON MOREY) in violation of John Granger's God given Liberty and Article 1 Section 10 Constitutionally protected Right to private contract.

62. Defendant Jay Hoberg's (Individual) conduct prejudiced Plaintiff John Granger by depriving Plaintiff John Granger of Plaintiff John Granger's attorney of choice (attorney ZACHARY AARON MOREY) which shocks the conscience.

63. Defendant Jay Hoberg's (Individual) conduct resulted in delay of Plaintiff John Granger's beneficial interest.

### Count III

### Violations of Constitutionally Protected Right to Due Process

64. Plaintiff John Granger repeats and re-alleges each and every preceding allegation as if fully set forth herein.

Verified Complaint for Violations of God given Liberties and                    10
Constitutionally Protected Rights and Declaratory Relief

65.    Plaintiff John Granger's attorney of choice (attorney ZACHARY AARON MOREY) elicited testimony at the trial that Plaintiff John Granger's attorney of choice (attorney ZACHARY AARON MOREY) was one hours work away from finishing the Estate (i.e. disbursing the Estate).

66.    Accounting and Audit are the last steps before disbursing the Estate.

67.    Defendant Jay Hoberg (Individual) knew or should have known that by temporarily suspending Bruce W. Chamberlain as Co-Executor in the Estate of RAYMOND WHITE that Defendant Jay Hoberg (Individual) thereby deprived Plaintiff John Granger of Plaintiff John Granger's Constitutionally protected due process Right to finish the Estate with only one hour of work.

68.    Defendant Jay Hoberg's (Individual) conduct prejudiced Plaintiff John Granger by depriving Plaintiff John Granger of Plaintiff John Granger's Constitutionally protected due process Right to finish the Estate with only one hour of work under color of state law.

69.    Defendant Jay Hoberg's (Individual) conduct prejudiced Plaintiff John Granger by temporarily suspending Bruce W. Chamberlain as Co-Executor's in the Estate of RAYMOND WHITE with only one hour of work to finish the Estate thereby delaying the distribution of the Estate which shocks the conscience.

70.    Defendant Jay Hoberg's (Individual) conduct resulted in delay of Plaintiff John Granger's beneficial interest.

## Count IV

### Violations of Constitutionally Protected Right to Due Process

71.    Plaintiff John Granger repeats and re-alleges each and every preceding allegation as if fully set forth herein.

72. Defendant Jay Hoberg (Individual) knew or should have known that by denying Plaintiff John Granger access to Plaintiff John Granger's witness that Defendant Jay Hoberg (Individual) thereby deprived Plaintiff John Granger of Plaintiff John Granger's Constitutionally protected due process Right to witnesses.

73. Defendant Jay Hoberg's (Individual) conduct prejudiced Plaintiff John Granger by depriving Plaintiff John Granger of Plaintiff John Granger's Constitutionally protected due process Right to witnesses under color of state law.

74. Defendant Jay Hoberg's (Individual) conduct prejudiced Plaintiff John Granger by depriving Plaintiff John Granger of Plaintiff John Granger's Constitutionally protected due process Right to witnesses which shocks the conscience.

75. Defendant Jay Hoberg's (Individual) conduct resulted in delay of Plaintiff John Granger's beneficial interest.

**Count V**

**Violations of Constitutionally Protected Due Process Right to Trial by Jury as Protected by the Constitution for the Commonwealth of Pennsylvania**

76. Plaintiff John Granger repeats and re-alleges each and every preceding allegation as if fully set forth herein.

77. Defendant Jay Hoberg's (Individual) conduct prejudiced Plaintiff John Granger by depriving Plaintiff John Granger's Constitutionally protected Right to Trial by Jury under color of state law.

78. Defendant Jay Hoberg's (Individual) conduct prejudiced Plaintiff John Granger by depriving Plaintiff John Granger's Constitutionally protected Right to Trial by Jury which shocks the conscience.

Verified Complaint for Violations of God given Liberties and                    12
Constitutionally Protected Rights and Declaratory Relief

79.    Defendant Jay Hoberg's (Individual) conduct resulted in delay of Plaintiff John Granger's beneficial interest and loss of Plaintiff John Granger's Constitutionally protected Right to Trial by Jury.

## Reservation of Rights

80.    Plaintiff John Granger repeats and incorporates by reference, as if fully set forth herein, every preceding paragraph.

81.    Plaintiff John Granger reserves all of Plaintiff John Granger's God given Liberty and Constitutionally protected Rights including the Right to amend this complaint at any time.

## Demand For Declaratory Judgment

1.    Plaintiff John Granger demands a declaration that Plaintiff John Granger has a God given Liberty and Article 1 Section 10 Constitutionally protected Right to private contract.

2.    Plaintiff John Granger demands a declaration that Defendant Jay Hoberg violated Plaintiff John Granger's God given Liberty and Article 1 Section 10 Constitutionally protected Right to private contract.

3.    Plaintiff John Granger demands a declaration that Plaintiff John Granger has a God given Liberty and Constitutionally protected Right to Due Process.

4.    Plaintiff John Granger demands a declaration that Defendant Jay Hoberg violated Plaintiff John Granger's God given Liberty and Constitutionally protected Right to Due Process.

5.    Plaintiff John Granger demands a declaration that Plaintiff John Granger has a God given Liberty and Constitutionally protected Right to witnesses.

6.     Plaintiff John Granger demands a declaration that Defendant Jay Hoberg violated Plaintiff John Granger's God given Liberty and Constitutionally protected Right to witnesses.

7.     Plaintiff John Granger demands a declaration that Plaintiff John Granger has a God given Liberty and Constitutionally protected Right to Trial by Jury under the Constitution for the Commonwealth of Pennsylvania.

8.     Plaintiff John Granger demands a declaration that Defendant Jay Hoberg violated Plaintiff John Granger's God given Liberty and Constitutionally protected Right to Trial by Jury under the Constitution for the Commonwealth of Pennsylvania.

9.     Enter judgment in favor of Plaintiff John Granger on Counts I - V in an amount to be determined by the Jury in a Trial by Jury.

## Demand For Relief

Plaintiff John Granger demands judgment against Defendant Jay Hoberg (Individual) as follows:

1.     Awarding Plaintiff John Granger actual damages as decided by the Jury in a Trial by Jury.

2.     Awarding Plaintiff John Granger payment for labor and/or attorney fees.

3.     Awarding Plaintiff John Granger such other relief as the Court finds appropriate.


Executed on August 31, 2016 in Allentown, Pennsylvania.

Respectfully submitted,


Verified Complaint for Violations of God given Liberties and                    14
Constitutionally Protected Rights and Declaratory Relief

By: _____
John Granger, Pro Per
2669 Shillington Road, Suite 233
Sinking Spring, Pennsylvania 19608
Phone: (610) 929-5154

## Trial by Jury is Demanded

Plaintiff John Granger hereby demands a trial by jury on all issues triable of right by a jury in a trial by jury pursuant to F.R.Civ.P 38(a) and the Seventh Amendment to the Constitution for the United States of America and the Constitution for the Commonwealth of Pennsylvania.

Executed on August 31, 2016 in Allentown, Pennsylvania.

Respectfully submitted,

By: _____
John Granger, Pro Per
2669 Shillington Road, Suite 233
Sinking Spring, Pennsylvania 19608
Phone: (610) 929-5154

Verified Complaint for Violations of God given Liberties and                15
Constitutionally Protected Rights and Declaratory Relief

## Plaintiff's Verification

Plaintiff John Granger understanding that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 USC 1001, declares and affirms:

Plaintiff John Granger wrote and understands the matters alleged in the Plaintiff John Granger's Complaint; and

That the facts and statements set forth in this Complaint are true.

Verified on August 31, 2016 in Allentown, Pennsylvania.

By: _____

John Granger, Pro Per
2669 Shillington Road, Suite 233
Sinking Spring, Pennsylvania  19608
Phone: (610) 929-5154

Verified Complaint for Violations of God given Liberties and                    16
Constitutionally Protected Rights and Declaratory Relief