UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

JOHN GRANGER,                                         :
                                                      :
              Plaintiff,                          :
                                                      :
       v.                                       :   No. 5:16-cv-04736
                                                      :
JAY HOBERG, *Individual*,                             :
                                                      :
              Defendant.                          :
_____

## **MEMORANDUM OPINION**

**Motion to Dismiss Plaintiff's Complaint, ECF No. 2 – Granted**

**Joseph F. Leeson, Jr.**                                                       **October 12, 2016**
**United States District Judge**

### I.    Introduction

      Plaintiff John Granger is a beneficiary of an estate that is being probated in Pennsylvania state court. He claims that Defendant Jay Hoberg, the Lancaster County Common Pleas Court judge presiding over the probate proceedings, violated a number of his federal and state constitutional rights, and he seeks damages and declaratory relief. Judge Hoberg has moved to dismiss Granger's claims on the grounds that he is immune to Granger's request for damages, and Granger's request for declaratory relief is not cognizable. Judge Hoberg is correct, and his motion is granted.

### II.    Background

      Granger is a beneficiary of the estate of Raymond White. Am. Compl. ¶ 3, ECF No. 1. White's will is being probated in the Orphans' Court division of the Court of Common Pleas of Lancaster County, Pennsylvania, and Granger is serving as one of the co-executors. *Id.* ¶¶ 3, 8, 9. Judge Hoberg is presiding over the probate proceedings. *Id.* ¶ 4. Granger has a number of complaints about how Judge Hoberg has handled the proceedings. He claims that the Judge has delayed the distribution of assets, *see id.* ¶ 26, refused to allow an attorney of Granger's choice to enter an appearance on behalf of the estate, *see id.* ¶¶ 15-20, allowed Granger's co-executor to "hide Estate assets," *see id.* ¶ 26, and refused to convene a jury trial to hear a petition that Granger filed to have his co-executor removed, *see id.* ¶ 32.

      Prior to filing this suit, Granger and his spouse (who is also a beneficiary of the estate) twice traveled to Harrisburg to report Judge Hoberg's conduct to the Director of the Office of Elder Justice, which is part of the Administrative Office of Pennsylvania Courts. *See* ¶¶ 26, 28.

Granger alleges that after those visits, Judge Hoberg "threatened . . . Granger's wife with removal from the courtroom if [she] ever came to the courtroom . . . unless [she] apologized." *Id.* ¶ 27. Granger claims that Judge Hoberg did not explain why he was seeking an apology from his spouse, and so he surmises that "the only possible reason" was his spouse's decision to "report[] [the Judge] . . . to the Elder Law Task Force." *Id.* ¶ 28. Granger complains that by barring his spouse from entering the courtroom, Judge Hoberg "deprived [him] . . . of a witness at [the] trial" the court held during the probate proceedings. *See id.* ¶ 42. Granger also alleges that Judge Hoberg "temporarily suspended" him and his co-executor from their duties at one point during the proceedings. *Id.* ¶ 46.

Granger claims these actions violated a number of his rights secured by the United States and Pennsylvania Constitutions.

First, he claims that by temporarily suspending him and his co-executor from their duties, Judge Hoberg "deprived [him] of [his] attorney of choice . . . in violation of [his] God given Liberty and Article I Section 10 Constitutionally protected Right to private contract."[1] *Id.* ¶¶ 55-63. In support of this claim, Granger explains that "[t]he Bible is the written word of God," "[i]n the beginning God created the heaven and the earth," and "[i]n the beginning was the Word, and the Word was with God, and the Word was God," and that "[i]n Matthew 10:10 Jesus the Messiah said the workman is worthy of his meat [wage]," which means that "[p]ayment for labor is a substantive legal right that existed before the written laws of the United States of America." *See id.* ¶¶ 50-54 (second to last alteration in original).

Second, Granger claims that when he and his co-executor were temporarily suspended from their duties, only one more hour of work was necessary to finish the probate proceedings, which means that the suspensions "thereby deprived [Granger] of [his] Constitutionally protected due process Right to finish the Estate with only one hour of work." *Id.* ¶¶ 64-70.

Third, he claims that by barring his spouse from participating in the proceedings Judge Hoberg "den[ied] [Granger] access to [his] witness," which "thereby deprived [Granger] of [his] Constitutionally protected due process Right to witnesses" and "resulted in delay of [Granger's] beneficial interest" in the estate. *Id.* ¶¶ 71-75.

Finally, he claims that by denying Granger a jury to hear the petition he filed to remove his co-executor, Judge Hoberg deprived Granger of his "Constitutionally protected Right to Trial by Jury" under the Pennsylvania Constitution. *Id.* ¶¶ 76-79. In support of this last claim, Granger submits that "William Penn (the Proprietor of Pennsylvania) is historically credited as the first recipient of a Trial by Jury of the issue of freedom of religion," and "as William Penn the Proprietor's progeny," Granger and other citizens of Pennsylvania "have been promised that Trial by jury is inviolate." *See id.* ¶¶ 30-33.

To remedy these deprivations of his rights, Granger filed this action pro se, seeking "actual damages" and a declaration that Judge Hoberg violated Granger's "God given Liberty

---

[1] Granger does not explain how a temporary suspension of his and his co-executor's duties interfered with his ability to retain an attorney of his choice, but perhaps the suspension temporarily deprived Granger of the authority to decide who would represent the estate during the probate proceedings.

2

and Article I Section 10 Constitutionally protected Right to private contract," "God given Liberty and Constitutionally protected Right to Due Process," "God given Liberty and Constitutionally protected Right to witnesses," and "God given Liberty and Constitutionally protected Right to Trial by Jury under the Constitution for the Commonwealth of Pennsylvania." *See id.* pp. 13-14.

Judge Hoberg moves to dismiss Granger's claims on the grounds that he is immune to Granger's claims for damages, and that Granger's request for declaratory relief is not cognizable. He is correct on both counts.

### III.   Judge Hoberg is immune to Granger's claims for damages.[2]

It has long been recognized "that, generally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam). "This doctrine is as old as the law, and its maintenance is essential to the impartial administration of justice." *Randall v. Brigham*, 74 U.S. (7 Wall.) 523, 536 (1868).

Granger contends that this immunity does not apply because he is suing Judge Hoberg solely in his individual capacity, not his official capacity, but judges are afforded immunity precisely to relieve them of the threat of being held personally liable for the decisions they make in their judicial capacity. *See Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1871) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of *personal consequences* to himself." (emphasis added)). "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication." *Forrester v. White*, 484 U.S. 219, 226-27 (1988) (citation omitted).

There are only two circumstances under which this immunity does not apply. "First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citations omitted). Neither exception applies here.

First, it is clear that Granger's claims are based on acts that Judge Hoberg allegedly took in his judicial capacity. "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of

---

[2]     At this stage of the proceedings, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Granger contends that Judge Hoberg's motion is procedurally improper because it does "not contain an affidavit" and he "has not come forward with facts to suggest that [he] acted within the scope of his discretionary authority during the incidents in question," *see* Pl.'s Resp. ¶¶ 75, 80, but the purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to adjudicate its truth. A defendant therefore has no duty to come forward with evidence to support a motion to dismiss. Quite the opposite: "[a]s a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). This requirement serves to distinguish between "truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges." *See Forrester*, 484 U.S. at 227. Granger contends that Judge Hoberg is liable for temporarily suspending him and his co-executor from serving as executors of the estate during the probate proceedings, barring him from calling his spouse as a witness during the trial, and refusing to convene a jury trial to hear the petition Granger filed to have his co-executor removed. These are each judicial actions.

Second, there is no question that as a judge of the Court of Common Pleas of Lancaster County and the presiding judge over the probate proceedings, Judge Hoberg would not have been without jurisdiction when he allegedly did these things. *See Stump*, 435 U.S. at 356 ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him.").

Because neither exception to the judicial immunity doctrine applies, Judge Hoberg is immune to Granger's claims for damages.

## IV.     Granger's claims for declaratory relief are not cognizable.

While the doctrine of absolute judicial immunity shields Judge Hoberg from Granger's claims for damages, the doctrine does not bar claims for declaratory relief. *Larsen v. Senate of Pa.*, 152 F.3d 240, 249 (3d Cir. 1998). The declaratory relief that Granger is seeking, however, is not "declaratory relief in the true legal sense." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam) (citing 28 U.S.C. § 2201; Fed. R. Civ. P. 57). A declaratory judgment "is meant to define the legal rights and obligations of the named parties in anticipation of future conduct." *O'Callaghan v. Hon. X*, No. 16-1401, 2016 WL 4245434, at *2 (3d Cir. Aug. 11, 2016) (per curiam) (citing *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004)). Here, Granger simply seeks a declaration that various decisions that Judge Hoberg allegedly made during the probate proceedings violated Granger's rights.[3] Asking

---

[3] In total, Granger's Complaint seeks the following declaratory relief:

1. Plaintiff John Granger demands a declaration that Plaintiff John Granger has a God given Liberty and Article 1 Section 10 Constitutionally protected Right to private contract.
2. Plaintiff John Granger demands a declaration that Defendant Jay Hoberg violated Plaintiff John Granger's God given Liberty and Article I Section 10 Constitutionally protected Right to private contract.
3. Plaintiff John Granger demands a declaration that Plaintiff John Granger has a God given Liberty and Constitutionally protected Right to Due Process.
4. Plaintiff John Granger demands a declaration that Defendant Jay Hoberg violated Plaintiff John Granger's God given Liberty and Constitutionally protected Right to Due Process.
5. Plaintiff John Granger demands a declaration that Plaintiff John Granger has a God given Liberty and Constitutionally protected Right to witnesses.
6. Plaintiff John Granger demands a declaration that Defendant Jay Hoberg violated Plaintiff John Granger's God given Liberty and Constitutionally protected Right to witnesses.

a court to proclaim that one's rights were violated is not a proper basis for declaratory relief. *See Corliss*, 200 F. App'x at 84 (finding declaratory relief to be inappropriate where a plaintiff asked "the District Court [to] 'declare' that his constitutional rights were violated"); *accord O'Callaghan*, 2016 WL 4245434, at *2 ("O'Callaghan's complaint sought a declaration that Hon. X had previously violated his rights. That is not a proper use of a declaratory judgment . . . .").

## V.     Conclusion

Granger is clearly dissatisfied with Judge Hoberg's handling of the probate proceedings, but "the nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have." *See Forrester*, 484 U.S. at 226. The United States Supreme Court has made it clear that if judges were required "to answer to every one who might feel himself aggrieved by the action of the judge, . . . [that] would destroy that independence without which no judiciary can be either respectable or useful." *Bradley*, 80 U.S. at 347. While "unfairness to litigants . . . sometimes results," the Supreme Court has explained that the doctrine "is thought to be in the best interests of 'the proper administration of justice.'" *Stump*, 435 U.S. at 363 (quoting *Bradley*, 80 U.S. at 347). This Court, of course, has no authority to overrule those decisions.

Under these well-established precedents, Judge Hoberg is immune to Granger's claims for damages, and his request for declaratory relief—which simply recasts those claims in the form of a declaratory judgment—is not cognizable. Accordingly, Judge Hoberg's motion to dismiss Granger's claims is granted, with prejudice.[4] An appropriate order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge

---

7.   Plaintiff John Granger demands a declaration that Plaintiff John Granger has a God given Liberty and Constitutionally protected Right to Trial by Jury under the Constitution for the Commonwealth of Pennsylvania

8.   Plaintiff John Granger demands a declaration that Defendant Jay Hoberg violated Plaintiff John Granger's God given Liberty and Constitutionally protected Right to Trial by Jury under the Constitution for the Commonwealth of Pennsylvania.

9.   Enter judgment in favor of Plaintiff John Granger on Counts I-V in an amount to be determined by the Jury in a Trial by Jury.

Am. Compl. p. 13.

[4]   "[I]f a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). Under these circumstances, no amendment could cure the deficiencies in Granger's complaint. *See O'Callaghan*, 2016 WL 4245434, at *3; *Corliss*, 200 F. App'x at 85.